**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL R. KUPKE, to the Use of Barnett, Lerner, Karsen & Frankel, P.A., <br><br> Petitioner, <br><br> v. <br><br> DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; et al., <br><br> Respondents. | No. 18-72575 <br><br> BRB No. 17-0359 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted February 3, 2020
Pasadena, California

Before: WARDLAW, NGUYEN, and HUNSAKER, Circuit Judges.

Barnett, Lerner, Karsen & Frankel, P.A. (Barnett) petitions for review of a

decision of the Benefits Review Board upholding an administrative law judge's

(ALJ) attorneys' fees determination. We have jurisdiction under 33 U.S.C.

§ 921(c), and we deny the petition.

1.      Barnett has forfeited its argument that fee awards from federal district

---

*          This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

courts are not proper subjects of "official notice"—the agency's equivalent of judicial notice—because it failed to raise this issue before the Benefits Review Board. *See Sims v. Apfel*, 530 U.S. 103, 108 (2000) (explaining that when an agency's regulations require issue exhaustion in administrative appeals, "courts reviewing agency action regularly ensure against the bypassing of that requirement by refusing to consider unexhausted issues"); 20 C.F.R. § 802.211(a) (requiring issue exhaustion in appeals to the Benefits Review Board).

2.      Even if we were to conclude that the ALJ erred by failing to give Barnett notice of her intent to rely on fee awards from the Southern District of Florida, Barnett has not shown that such error was prejudicial.[1] *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Barnett's briefs on appeal failed to explain why the district court decisions relied on by the ALJ were inappropriate indicators of the prevailing rates in South Florida. Nor did Barnett offer any explanation at oral argument. In a post-argument briefing order, we asked Barnett to include in its supplemental brief "any arguments for why the specific cases relied upon by the ALJ did not reflect the market rate for South Florida." Barnett instead submitted a supplemental brief bereft of any arguments on this point. Barnett has therefore

---

[1] We assume without deciding that Barnett preserved this issue before the Benefits Review Board. We also assume without deciding that the ALJ's consideration of fee awards from the Southern District of Florida constituted taking official notice, thereby triggering the procedural requirements in 29 C.F.R. § 18.201.

failed to carry its burden of showing that any error by the ALJ "affected [its] substantial rights, . . . not merely [its] procedural rights." *Id.* (internal quotation marks omitted).

**PETITION DENIED.**